

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2009

# USA v. Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4730

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Fisher" (2009). *2009 Decisions*. Paper 2025.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2025

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-4730

———

UNITED STATES OF AMERICA

v.

OTIS FISHER,
                                                            Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cr-00019E)
District Judge: Honorable Sean J. McLaughlin

———

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2009

Before: SLOVITER and BARRY, <u>Circuit Judges</u>, and POLLAK,<sup>*</sup> <u>District</u> <u>Judge</u>

(Filed: January 15, 2009)

———

OPINION

———

———

<sup>*</sup> Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

Appellant Otis Fisher, who was convicted after a jury trial of possessing a prohibited weapon in a federal correctional institution in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(3), appeals, challenging the District Court's order denying his motion in limine to exclude or limit evidence of his prior conviction and the Court's instruction to the jury on consciousness of guilt.

## I.

Because we write primarily for the parties, we will only briefly discuss the facts and the proceedings below.

Fisher was incarcerated at FCI McKean where metal detectors are used to prevent inmates "from attempting to move contraband throughout the compound." App. at 97. On April 18, 2007, as Fisher passed through one of the metal detectors it was activated and he was found to have a pointy shank in his coat lining. Thereafter, Fisher attempted to leave the building.

Fisher filed a pre-trial motion in limine to exclude or limit evidence of his prior conviction of conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana and aiding and abetting the possession of firearms in furtherance of a drug offense. The District Court denied Fisher's motion, finding that the prejudicial effect of such evidence did not outweigh its probative value.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. To the

extent the review is based on the interpretation of a Federal Rule of Evidence ("FRE"), our review is plenary. United States v. Serafini, 233 F.3d 758, 768 n.14 (3d Cir. 2000). Decisions to admit or exclude evidence under FRE 609(a)(1) are reviewed for an abuse of discretion. Johnson v. United States, 302 F.3d 139, 152 (3d Cir. 2002) (citations omitted).

## II.

On appeal Fisher raises two issues. First, Fisher contends that the District Court misinterpreted and misapplied FRE 609. He argues that the details of his prior conviction had no probative value and were unfairly prejudicial because of the similarity between the current and prior charges. Second, Fisher alleges that the District Court failed to charge the jury correctly on a matter of law. He contends that the consciousness of guilt instruction given was "unnecessary, inaccurate and misleading." Appellant's Br. at 22.

In considering the first issue, we note that after the District Court's adverse ruling on Fisher's in limine motion, Fisher testified at trial introducing evidence of his prior conviction in his direct testimony. Because he did so, Fisher has lost his challenge to the admission of his prior conviction. "Only when the Government exercises its option to elicit the testimony is an appellate court confronted with a case where . . . the defendant can claim the denial of a substantial right if in fact the district court's . . . ruling proved to be erroneous." Ohler v. United States, 529 U.S. 753, 759 (2000). In this case, Fisher volunteered this information on direct. It is the defendant's choice whether to "remove

the sting" by introducing a prior conviction on direct or wait to have the government elicit this information. Id. at 758. Fisher made a tactical choice that produced a less than desired result.

It follows that – assuming *arguendo* that the District Court's in limine ruling permitting impeachment by prior conviction was erroneous – any possible harm from this ruling is speculative. Luce v. United States, 469 U.S. 38, 41 (1984). Arguably, Fisher may have believed that he had no choice but to "remove the sting" by introducing evidence of his prior conviction in light of the District Court's in limine ruling. However, Fisher did not even renew his objection at trial, and thus did not ascertain whether the trial court would change its mind about the in limine ruling. Therefore, it was not an abuse of discretion for the District Court to have ruled as it did.

Moreover, even if we were to review the issue on the merits, the result would be the same. The District Court reviewed the factors pertinent under FRE 609(a)(1), and we agree with its analysis.

Turning to the second issue, we review the Court's decision to give or "refusal to give a particular instruction or the wording of instructions for abuse of discretion." United States v. Jimenez, 513 F.3d 62, 74 (3d Cir. 2008) (quoting United States v. Leahy, 445 F.3d 634, 642 (3d Cir. 2006)). The total instruction is considered, not just a sentence or paragraph in isolation. Id. at 74-75.

We disagree with Fisher's contention that the consciousness of guilt instruction to

the jury was "unnecessary, inaccurate and misleading."  Appellant's Br. at 22.  It is well established that evidence of flight is admissible as evidence of consciousness of guilt. United States v. Green, 25 F.3d 206, 210 (3d Cir. 1994).  In this case, once Fisher activated the alarm when he walked through the metal detector, he made a U-turn in an attempt to exit the building.  In light of the prison environment, that was akin to flight after commission of a crime.  Fisher argues that the instruction on consciousness of guilt usurped the jury's fact-finding function, but we disagree.  The Court specified in its instruction that "[t]his conduct may indicate he thought he was guilty of the crime charged . . . .  On the other hand, sometimes an innocent person may engage in such conduct for some other reason.  Whether or not this evidence causes you to find that the defendant was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts." App. at 254.  This instruction was neither inaccurate nor misleading.

Further, Fisher's assertion that when he contemplated fleeing the crime had not been completed is without merit.  The alleged crime was the possession of the shank.  The shank was in Fisher's possession, hence the crime was completed.

## III.

For the above-stated reasons, we will affirm.

5