NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1709
_____

UNITED STATES OF AMERICA

v.

ARTHUR HEATH,
                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2:10-cr-00565)
District Judge: Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2011
_____

Before: SLOVITER, GREENAWAY, JR., and ALDISERT, *Circuit Judges*.

_____

(Opinion Filed: December 28, 2011)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Arthur Heath ("Heath") was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania of a single count of gun possession in violation of 18 U.S.C. § 922(g). He was sentenced to sixty months of imprisonment and now appeals his conviction and sentence. We hold that the District Court did not abuse its discretion in allowing evidence of Heath's flight and resistance to arrest to be introduced at trial. For the reasons stated herein, we will affirm the District Court's judgment and sentence.

## I.  BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

On August 24, 2010, members of the United States Marshals Warrant Squad sought to arrest Arthur Heath on an arrest warrant issued in May 2010. The marshals surrounded a residence located at 1733 Edgley Street in Philadelphia, Pennsylvania. Immediately after announcing their presence, marshals stationed in the rear of the home saw Heath throw a gun out of a barred window. The gun fell to the ground and was later recovered and identified as a loaded nine-millimeter Glock semi-automatic pistol. Heath escaped from the residence onto the roof of the building.

Roughly two hours after Heath's escape, the marshals found him hiding in the basement of a nearby residence. Heath refused requests to surrender. Initially, the

2

marshals were unable to subdue Heath, even with the use of tasers. Sometime later, with additional efforts, he was taken into custody. Law enforcement officers on the scene identified him as the person whom they had seen throw the gun from the window of 1733 Edgley Street earlier that day.

Heath was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He submitted a pretrial motion in limine to exclude evidence that he fled from police and resisted arrest. The District Court denied the motion. A jury found Health guilty. He was sentenced to sixty months of imprisonment.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction, pursuant to 18 U.S.C. § 3231. We have jurisdiction from the District Court's final judgment, pursuant to 28 U.S.C. § 1291. We "review the district court's decision to admit evidence of prior 'bad acts' under Rule 404(b) for an abuse of discretion." *United States v. Daraio*, 445 F.3d 253, 259 (3d Cir. 2006) (citation omitted).

## III. ANALYSIS

Heath alleges that the District Court abused its discretion in denying his motion in limine to exclude from trial evidence indicating that he fled from the police and resisted arrest. The District Court admitted the evidence under Rule 404(b) of the Federal Rules of Evidence because his flight from police indicated consciousness of guilt as opposed to proving an essential element of the crime charged. Consequently, we consider four

3

factors in determining whether the District Court abused its discretion in allowing the evidence under Rule 404(b): (1) whether it was introduced for a permissible purpose; (2) whether it was relevant; (3) whether its probative value outweighs its potential for unfair prejudice; and (4) whether the District Court provided a limiting instruction that "charge[s] the jury to consider the evidence only for the limited purposes for which it [was] admitted." *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003) (citing *Huddleston v. United States* 485 U.S. 681, 691-92 (1988)); *see also United States v. Cross*, 308 F.3d 308, 320-21 (3d Cir. 2002).

We have previously stated that "'[o]ther acts' evidence satisfies the first two requirements if it is 'probative of a material issue other than character.'" *Cross*, 308 F.3d at 321 (quoting *Huddleston*, 485 U.S. at 685); *see also* Fed. R. Evid. 404(b) (allowing evidence of other crimes, wrongs, or acts to be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). The Government avers that the evidence of Heath's flight and resisting arrest are probative in that they indicate his consciousness of guilt. It further asserts that the District Court's decision to admit the evidence comports with Rule 404(b) because it was not being used to prove Heath's character "in order to show action in conformity therewith." Fed. R. Evid. 404(b). We agree that evidence of consciousness of guilt is relevant and we find that evidence admitted for this purpose is proper under

4

Rule 404(b). We, therefore, find that the first two prongs of the *Givan/Huddleston* test are met.

We afford the District Court great deference in reviewing its consideration of the third prong of the test. *United States v. Universal Rehab. Serv. (PA) Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (stating that because the trial judge is "in the best position to assess the extent of the prejudice caused a party, [he] must be given a *very substantial discretion* in balancing probative value on the one hand and unfair prejudice on the other.") (citation and internal quotation marks omitted). In order to justify reversal, we would have to find the District Court's analysis and resulting conclusion to be arbitrary or irrational. *Id.* (citation and quotation marks omitted). We see no basis for such a conclusion in this case. The District Court carefully measured the relevance and probative value of the evidence reflecting consciousness of guilt and weighed it against the danger of unfair prejudice, concluding that the majority of the resulting prejudice did not qualify as unfair. Consequently, we find that the District Court did not abuse its discretion in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

Finally, the District Court satisfied the fourth prong of the test by providing a limiting instruction for the evidence of flight and resisting arrest. The Court explained that the testimony relating to the flight and resisting arrest "was presented on the potential issue of consciousness or awareness of guilt." App. 123. It further explained how the

5

jury could consider such evidence stating, "if you conclude that [Heath] fled or did the other things because of an awareness of his culpability in this case, then that's an inference that you could make with respect to consciousness of guilt." App. 124. Finally, the Court explicitly instructed the jury that "flight or resistance standing alone without anything else are not sufficient to establish guilt." *Id*. We find that such an instruction clearly fulfills the *Givan/Huddleston* requirement.

The District Court properly applied Rule 404(b) in admitting evidence of Heath's flight and resisting arrest. We, therefore, conclude that the District Court did not abuse its discretion in allowing the evidence at trial.

## IV. **CONCLUSION**

For the reasons stated above, and for those articulated by the District Court, we will affirm the District Court's judgment and sentence.

6