**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2800

_____

UNITED STATES OF AMERICA,

v.

BRANDON MOOREFIELD,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 2:14-cr-00284-001)
District Judge:  The Honorable Gustave Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 7, 2017

Before:  McKEE, COWEN, and FUENTES, *Circuit Judges*

(Opinion Filed:  March 20, 2017)

_____

OPINION*

_____

FUENTES, *Circuit Judge*.

The appellant Brandon Moorefield appeals from a jury conviction of one count of

possession of firearm after having been convicted of a felony, in violation of 18 U.S.C. §

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

922(g)(1), for which he was sentenced to 70 months' imprisonment. He challenges his conviction on two grounds: first, that the District Court abused its discretion by instructing the jury that they may consider evidence of flight as probative of consciousness of guilt; and second, that § 922(g) is facially unconstitutional because it exceeds Congress's power to legislate on interstate commerce. We will affirm the conviction.

## I.

On November 13, 2014, two police officers were driving down Swissvale Avenue in Wilkinsburg, Pennsylvania, conducting field visits. As they were driving down this street towards Penn Avenue, they noticed a man walking in front of them on Swissvale Avenue who appeared to have a gun and magazine under his shirt. The two police officers, both in plainclothes but with their badges visible, drove up next to this man, with the intent to stop him. As soon as one of the officers identified himself as the police, however, the man began to run away in the direction of Penn Avenue. As he ran away, the officers observed that this man had a gun in his hand. Noticing that the man was running towards Stoner Way, an alley behind Penn Avenue, the officers drove up to cut off one of the exits of Stoner Way. The man then took off on foot back towards Penn Avenue, at which point he was stopped by one of the police officers. The person the police captured is defendant Brandon Moorfield, but at the time of capture, he had no gun on him. The police found the gun later back in Stoner Way, on the roof of a building.

Moorfield was arrested and charged with possession of a firearm by a felon. At trial, the two police officers testified and recounted this story, identifying Moorfield as

the person they initially encountered when they drove up to the man carrying a gun under his shirt and as the person they ultimately apprehended. The eyewitness testimonies of these two officers were the only identifying evidence because the forensic scientists were unable to confirm or exclude Moorefield's DNA or fingerprints from those collected on the firearm.

Moorefield's defense was one of misidentification. A defense witness who knew Moorefield testified that he observed several men, including Moorefield, running away from the police car on the day and time in question. The witness testified that Moorefield ran along Penn Avenue the entire time until he was captured by the police, and that, contrary to the police officers' testimonies, he never went toward or into Stoner Way.

After three days of deliberations, the jurors returned a guilty verdict against Moorefield. Moorefield was subsequently sentenced to 70 months' imprisonment, followed by three years of supervised release, and a special assessment of $100. Pending before this Court is Moorefield's appeal from that conviction.[1]

## II.

On appeal, Moorefield raises two arguments. First, he argues that the District Court "abused its discretion by instructing the jury that flight may indicate consciousness of guilty."[2] Second, he challenges the constitutionality of 18 U.S.C. § 922(g) as an invalid exercise of Congress's legislative power under the Commerce Clause. As Moorefield acknowledges, our holding in *United States v. Singletary* is dispositive on the

---

[1] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291.
[2] Appellant's Br. at 18.

3

latter challenge—"proof . . . that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commerce element."[3] Understanding that we are bound by this precedent, Moorefield raises this challenge "solely to preserve them for Supreme Court review."[4] Consequently, we will reject this argument and focus instead on Moorefield's first argument.

Jury instructions are reviewed for abuse of discretion, and we will reverse "only when the district court's decision is 'arbitrary, fanciful, or clearly unreasonable,'" and "where 'no reasonable person would adopt the district court's view.'"[5] As Moorefield concedes, the instruction that the District Court gave is not only a correct statement of the law but taken directly from the Third Circuit model jury instructions.[6] Instead, he argues that the District Court abused its discretion because it failed to adequately consider whether "giving the charge would result in unfair prejudice to the defendant or balance this concern against the probative value of charging the jury that it could consider flight as evidence of a *guilty* conscious."[7] However, that is not the standard by which this Circuit evaluates the appropriateness of a particular jury instruction. Instead, a party is "entitled to an instruction on his theory of the case where the record contains evidentiary

---

[3] 268 F.3d 196, 205 (3d Cir. 2001).
[4] Appellant's Br. at 22.
[5] *United States v. Steiner*, 847 F.3d 103, 110 (3d Cir. 2017) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)).
[6] *See United States v. Green*, 25 F.3d 206, 210 (3d Cir. 1994) ("We have held in the past that evidence of a defendant's flight after a crime has been committed is admissible to prove his consciousness of guilt." (internal quotations and alterations omitted)); Third Circuit Model Criminal Jury Instruction 4.30.
[7] Appellant's Br. at 19.

support for it,"[8] and upon review, "we look to see if the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury."[9]

Moorefield does not dispute here that there is evidence to support a flight charge. Instead, Moorefield argues that the charge is overly prejudicial precisely because it is undisputed that he fled from the police. Moorefield posits that inclusion of this charge "necessarily gives judicial weight to the government's version of the facts, *i.e.*, that Moorefield ran because he was guilty of possessing a weapon," rather than Moorefield's version of the facts that he fled the scene for other reasons.[10] We disagree.

The instruction given here is fair and balanced.

> If you believe that the defendant did flee from law enforcement, then you may consider this conduct, along with all of the other evidence, in deciding whether the government has proven beyond a reasonable doubt that the defendant committed the crime that he is charged with. This conduct may indicate that the defendant thought he was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee from law enforcement for some other reason. Whether or not this evidence causes you to find that the defendant is conscious of guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.[11]

The instruction is clear that while the jury *may* credit the government's version of the facts, the jury need not so credit, and may instead find that "sometimes an innocent

---

[8] *United States v. Weatherly*, 525 F.3d 265, 270 (3d Cir. 2008) (quoting *United States v. Davis*, 183 F.3d 231, 250 (3d Cir. 1999)).

[9] *United States v. Hart*, 273 F.3d 363, 373 (3d Cir. 2001) (quoting *United States v. Adams*, 759 F.2d 1099, 1116 (3d Cir. 1985)).

[10] Reply Br. at 7.

[11] A 303-04.

person may flee from law enforcement for some other reason."[12] That the government, in its closing, made reference to Moorefield's undisputed attempt to flee, is not evidence that "the instruction would give judicial weight to the government's version of the facts."[13] After all, the jury was specifically instructed that it was up to the individual jurors to decide for themselves whether evidence of flight is indicative of consciousness of guilt of the crime charged. The defense had a similar opportunity to present the innocent explanation for Moorefield's flight for the jury's consideration, and it did. In closing, the defense argued to the jury that "[g]uys scatter when police pull up. Guys run. That's not unusual. That's not hard to believe."[14] The jury was presented both sides and evidently chose to believe the government's version rather than the defendant's.

We have consistently upheld similarly worded instructions where the government has submitted evidence of flight or concealment.[15] Moorefield has pointed to no case law

---

[12] *Id.*

[13] Reply Br. at 8.

[14] A 285.

[15] *See United States v. Hart*, 273 F.3d 363, 373 (3d Cir. 2001); *United States v. Terry*, 518 F. App'x 125, 129 (3d Cir. 2013) (holding the district court did not abuse its discretion by granting the government's request for an instruction on evidence of flight as consciousness of guilt where there was evidence from which the jury could conclude that the defendant attempted to flee); *United States v. Thomas*, 322 F. App'x 177, 184 (3d Cir. 2009); *United States v. Fisher*, 306 F. App'x 733, 735 (3d Cir. 2009); *Cf. United States v. Arrington*, 530 F. App'x 143, 145-46 (3d Cir. 2013) (permitting evidence that defendant absconded from parole at the time of the arrest of his alleged co-conspirators for the limited purpose of proving consciousness of guilt, and the district court instructed the jury to consider the evidence only for the limited purpose of deciding whether the defendant had a consciousness of guilt); *United States v. Elwell*, 515 F. App'x 155, 162 (3d Cir. 2013) (same); *United States v. Heath*, 456 F. App'x 102, 104 (3d Cir. 2011).

from this Circuit to the contrary.[16]  Thus, we do not believe that the District Court abused

its discretion in giving the charge in this case.

### III.

For the foregoing reasons, we will affirm the judgment of conviction.

---

[16] Instead, Moorefield relies exclusively on out-of-circuit opinions that have discouraged district courts' use of such instructions. *See United States v. Mundy*, 539 F.3d 154, 156-57 (2 Cir. 2008); *United States v. Telfaire*, 469 F.2d 552, 557 (D.C. Cir. 1972).  However, even these cases do not support Moorefield's position because neither case held that giving the flight instruction was an abuse of discretion.  In both cases, the courts merely affirmed the district courts' decisions to *not* give the instruction.  Consequently, as persuasive as these cases are, they do not compel the remedy that Moorefield seeks here.